UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 23-cr-300 (DLF) |
| | : | |
| RAYMOND CHAMBERS II, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO
COURT'S ORDER AND MOTION IN LIMINE REGARDING
INVESTIGATIONS INTO UNNAMED U.S. CAPITOL POLICE OFFICERS**

At the pretrial conference on March 14, 2024, the defendant argued that the government had failed to provide records of an investigation into or disciplinary action against law enforcement officers who, according to the defendant, allegedly permitted rioters into the U.S. Capitol Building on January 6, 2021. More specifically, the defendant alleges that he had a conversation with a law enforcement officer at the East Rotunda door into the Capitol Building, who allowed him into the building. The defendant therefore argued that he should have access to any investigative reports related to such alleged misconduct. The defendant also appeared to indicate that he intends to elicit testimony or otherwise introduce evidence that law enforcement officers were investigated and/or disciplined for this alleged conduct. The Court offered the parties the opportunity to provide briefing on the matter.

The next day, at the conclusion of jury selection on March 15, the defense indicated that he would not be submitting additional argument to the Court. Nevertheless, in light of the arguments made at the pretrial conference, the government submits this response to clarify the record and moves in limine to limit the introduction of evidence and the cross-examination of government witnesses on these topics.

*First*, the government submits that it has met and exceeded its discovery obligations in this case. To date, the government has provided *Giglio* (if any) and Jencks Act materials regarding its intended witnesses in case-specific discovery. To the extent there were adverse findings against one of the government's witnesses, those findings would have already been disclosed to the defendant. More broadly, the government disclosed reports from the U.S. Capitol Police Office of Professional Responsibility and the Metropolitan Police Department's internal investigations of alleged wrongdoing by officers on January 6, 2021 via global discovery productions #1 and #2. Defense counsel was invited to the relevant global discovery folders by at least October 2023 (the first global discovery production after this case was charged).

*Second*, the government has no evidence that the conversation that the defendant claims to have had with law enforcement upon entry into the Capitol Building actually occurred. Therefore, there is no discovery to be had about an individual law enforcement officer who, in the government's view, does not exist. Defense counsel has not identified a particular officer, or group of officers – either by name or by identification in a relevant image or video – that the defendant believes is the officer who authorized his entry into the building. The government is thus unable to provide any more information than it already has about any alleged investigation or discipline of law enforcement officers.

*Third*, without further proffer or explanation from the defendant, discussion at trial of any internal investigation into generalized, alleged law enforcement misconduct or inaction on January 6 is inadmissible under Federal Rule of Evidence 401 as irrelevant and inadmissible under Rule 403 as unfairly prejudicial and likely to confuse the jury. To the extent that the defendant's argument is that there is some evidence that *some* law enforcement officer told *some* rioter that they could enter the building, that evidence is irrelevant to Mr. Chambers' subjective knowledge

and intent on January 6, 2021. For example, even if the defendant were able to proffer that a law enforcement officer stationed on the west side of the Capitol was investigated for telling rioters they could enter the building, that evidence is irrelevant to the question of what the defendant knew at the time of his entry into the building from the east side. As best as the government understands the argument, the defendant commits a group attribution error by attempting to argue that if one member of law enforcement allowed a rioter into the building, then all law enforcement (or, at least the officer the defendant claims to have spoken to) also allowed rioters into the building. But the acts of one officer, without more, do not make the acts of another officer any more or less likely. Meanwhile, asking the government's witnesses whether they were investigated plants the seed in jurors' minds that there was some kind of police misconduct or inaction.

The defendant is of course entitled to exercise his right to testify to explain that he believed a law enforcement officer let him into the building. But the government objects to and moves to limit any generalized line of questioning of its witnesses regarding any investigation into alleged police misconduct on January 6. Accordingly, the government respectfully seeks an order from the Court prohibiting this line of questioning, unless and until the defense is able to provide a more specific proffer indicating the relevance of such an inquiry.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:   /s/ *Katherine E. Boyles*
        Katherine E. Boyles
        Assistant U.S. Attorney
        D. Conn. Fed. Bar No. PHV20325
        United States Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        Phone: 203-931-5088

Email: Katherine.Boyles@usdoj.gov

　/s/ *Taylor L. Fontan*　　　
TAYLOR L. FONTAN
Assistant U.S. Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 815-8597
Email: Taylor.fontan@usdoj.gov