UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | USDC No. 23-cr-300 (DLF) |
| ) | |
| Raymond Chambers, *defendant*. ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid at sentencing on June 24, 2024 at 10 o'clock a.m. when he appears in person before the Court for her sentencing hearing.

1. The defendant was tried on a criminal Information which alleged four misdemeanor offenses: (a) Entering and Remaining in a Restricted Building (Count One), in violation of 18 U.S.C. §1752(a)(1); (b) Disorderly and Disruptive Conduct Which Impedes the Conduct of Government Business, in violation of 18 U.S.C. §1752(a)(2); (c) Disruptive Conduct in the Capitol Buildings, in violation of 40 U.S.C. 5104(e)(2)(D), and (d) Demonstrating, Picketing or Parading in a Capitol Building, in violation of 40 U.S.C. 5105(e)(2)(G) ("Demonstrating"). A jury found him guilty of all four misdemeanor offenses.

2. The defendant and counsel have reviewed the Draft Presentence Report ("PSR") and find fault with only one issue, the attribution to the defendant of obstructive conduct, consisting of what the PSR contends was his perjurious testimony. The defendant does not contest the Base Offense Level **10** for the accumulated offenses (PSR, page 9, ¶¶30 and 31) or the calculation of his criminal history points that place him in Criminal History Category I. (PSR, page 13, ¶¶45-47)   He does, however, object to the 2-level enhancement for Obstruction of Justice (PSR,

pages 6-7, ¶¶15-18, 20; page 9, ¶35).[1]  The Court is reminded that Application Note 2 to USSG §3C1.1 cautions:

"Limitations on Applicability of Adjustment.—This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice."

A level 10 would produce a sentencing range of 6-12 months and place him in Zone B for sentencing.

3. The defendant has come to recognize, after reflecting on his conduct in light of the trial evidence, that he was guilty of those crimes.[2]  Though he does not get – or deserve – an adjustment under the U.S. Sentencing Guidelines for acceptance of responsibility, he does acknowledge his guilt, express remorse for his actions, and is prepared to take his lumps.  He does not intend to note an appeal or otherwise challenge his convictions.  This stands in contrast to many criminal defendants, January 6 or no, who continue their fight, with no acceptance of responsibility beyond the trial level, to appeals.

4. It must be said of the defendant that there is no evidence he came to the U.S. Capitol to look for trouble, or cause the trouble that constituted his offenses.  Like many others that day, the defendant may have had a misplaced and even uninformed confidence that his 1st Amendment

---

[1] Defendant has filed his objection with U.S. Probation Officer Hana Field. A memorandum on the subject, in the form of a letter to Off. Field, is attached to the defendant's "Parties Obligation and Response to Presentence Report," ECF Doc. 48 (3 pages).  Defendant incorporates by reference the text of his memorandum objecting to the enhancement.

[2] The defendant's written statement in allocution is attached as an exhibit.

rights to freedom of speech and assembly would protect him, even when he entered and remained on restricted grounds.[3]  And together with Weston Sobotka, who went to the Capitol that day, spent most of their time outside, with no evidence that they were hassling the police or doing anything to inflame others gathering, demonstrating, or protesting on the grounds.

5. The defendant seeks a period of no more than three years probation, with such conditions as the Court believes serve the interests of justice and those factors found at 18 U.S.C. §3553, which the Court must take into account.  Those conditions may include intermittent confinement;  financial restitution[4], and community service.  The first condition would serve the need to punish the defendant for his conduct on January 6, 2021; the second would help to defray the expenses incurred for making repairs to the Capitol; and the third would require the defendant make a contribution to the community, as an act of reparation.

6. A further condition should be serious alcohol abuse counseling and treatment. The defendant's criminal history, though it has produced only one criminal history point – either because of the age of the violation or that points are not imputed to it – is primarily one involving alcohol abuse. Those charges are: (a) Reckless Driving (2012), which originated as Driving While Intoxicated ("DWI") (PSR, page 10, ¶41); (b) DWI (2016) (Id, ¶42); (c) Public Intoxication (2023) (PSR, page 12, ¶44), and (d) Conspiracy (Grand Larceny) ("Officers noted the defendant's reactions were semi-cooperative or delayed, due to possible alcohol

---

[3] Counsel has represented more than twenty-five defendants in January 6 cases. Many of them believed that the 1st Amendment protections would override any temporal restriction as to time or place of their protests.  Disabusing them of that notion has been a frequent exercise on this counsel's part.

[4] In misdemeanor plea agreements with January 6 defendants, restitution of $500 is the standard sum a defendant agrees to pay in return, in part, for dismissal of remaining charges.

impairment.") (PSR, page 14, ¶50).  Defendant has already in his statement in allocution that his "#1 priority moving forward is to aggressively attack my (problem with maintaining) sobriety."

      7. Under 18 U.S.C. §3553(a) the following factors: (a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

      8. Nothing about the defendant's conduct on January 6 was violent, either towards persons or property.

      9. There is much that is commendable about the defendant.  He has strong family ties, is devoted to his partner, and the three children – two with his fiancée, a third her niece– they're raising.  He works hard to provide for them, is active in the community by coaching youth basketball for 9-17 year olds  in the Virginia Playmakers AAU. (The defendant's father is also a basketball coach at the middle- and high-school level.)  It is regrettable that the defendant's conduct will have effects on these aspects of his life, to persons for whom he owes such responsibility

10. A period of probation, with the conditions suggested above, would be an appropriate sentence in this case.  The defendant submits that the very purposes of sentencing would not be disserved by such a sentence.  It accounts for his  history and circumstances. Further, these convictions, which cannot be expunged (another consequence), serve both general and specific deterrence; reflect the seriousness of his particular offense; and promote respect for the law, providing a just punishment. It also recognizes that he is needs the services probation provides.

For all the reasons noted above, the defendant respectfully requests a sentence of probation with appropriate conditions.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF upon asst. U.S. Attorneys Katherine Boyle and Taylor Fontan, attorneys of record for the government, this 7th day of June, 2024

/s/
_____
*Nathan I. Silver, II*